## ST. LOUIS, B. & M. RY. CO. v. TIJERINA.
### (No. 8236.)

Court of Civil Appeals of Texas. San Antonio.
June 5, 1929.

Davenport, West & Ransome, of Brownsville, and E. H. Crenshaw, Jr., of Kingsville, for appellant.

H. B. Galbraith, of Brownsville, for appellee.

FLY, C. J. This is an appeal from a judgment for $1,075, based on the answers of a jury to special issues submitted to them. The amount is for damages alleged to have accrued through the negligence of appellant in striking appellee's automobile with its locomotive at a public road crossing. The negligence was alleged to have consisted in the failure to give statutory bell ringing signal and whistle in approaching the grade crossing. It was alleged that the approach of the train was hidden from those approaching the crossing by brush and trees.

The jury in answer to seven questions found that appellant was negligent in running its train, on the morning of June 14, 1928, and that such negligence was the proximate cause of the collision with the automobile of appellee; that appellee was guilty of negligence in handling his automobile, but that the negligence of appellee was not the proximate cause of the accident. The automobile was valued at $350, and appellee's personal injuries at $750. The sum of $25 salvage was subtracted from the value of the automobile.

■ The court did not submit in terms the two grounds of negligence, failure to sound the whistle, and failure to ring the bell, but submitted the general question: "Was the defendant negligent in running and operating this train which struck plaintiff's automobile on the morning of the 14th of June, as negligence has been defined for you?" Failure to ring the bell and blow the whistle was not mentioned in the charge, nor was the negligence identified as that alleged in the petition. It is impossible to ascertain in what the negligence of appellant consisted from the verdict. Under the general terms of the question the jury might have found that there was discovered peril, or that the train was running at a dangerous rate of speed. The charge as to negligence, as applied to the acts of both parties, was to all intents and purposes a general charge and not one of special issue. The issues as to appellant

were, Did it fail to ring its bell as required by the statute, and did it fail to sound its whistle at the time and place named in the statute? A failure to perform either of these duties was negligence, and then the only other issue would be, Was the failure of duty the proximate cause of the injury?

In article 2190, Rev. Stats. 1925, it is provided that when a court submits a case upon special issues he shall submit all the issues made by the pleading. The court in this instance submitted none of them. Appellant objected to such submission. As said by the Court of Civil Appeals in City of Fort Worth v. Ware, 1 S.W.(2d) 464: "The plaintiff could not recover upon any other issues of negligence than those specifically averred, and the defendant was entitled to know the particular acts or omissions upon which the judgment was based." Negligence, in the case we are considering, is found generally by the jury, and no one can ascertain in what the negligence consisted. The jury were authorized under the charge to have gone outside the negligence alleged and based their verdict on negligence so found.

■■ In regard to contributory negligence, which was submitted in the most general manner, without requiring the jury to find specifically the act of contributory negligence, special issues requiring the submission of the issue were requested by appellant. Appellant alleged that appellee was thoroughly acquainted with the crossing and knew that his view was obstructed of any approaching train and yet approached the crossing at such rate of speed that he could not stop his car in time to prevent a collision after reaching a place where he could have seen the train; that he did not listen for the approaching train and did not look for its approach. Did appellee commit any such act of negligence, and, if so, which one? The jury merely found that he was guilty of negligence "in handling his car," and then upon some ground, not disclosed, held that such negligence was not the proximate cause of the accident. The court did ask the jury if such negligence contributed to the accident, but conveyed the idea that the negligence of appellee could not have caused the injury unless it was the sole cause. Fox v. Hotel Co., 111 Tex. 461, 240 S. W. 517. The jury did not find that the negligence of appellee did not contribute to the negligence of appellant in causing the injury. The evidence indicates that it did so contribute. It is the well-settled rule that in an action for personal injuries caused by the negligence of another, contributory negligence is an absolute defense. There is no exception to this rule except where a party willfully inflicts an injury as in case of discovered peril.

Reversed and remanded.