## FLETCHER v. McFALL.

### No. 14045.

Court of Civil Appeals of Texas. Fort Worth.

March 8, 1940.

Rehearing Denied April 5, 1940.

J. Earle Kuntz and McDonald & Anderson, all of Wichita Falls, for appellant.

John Davenport, of Wichita Falls, for appellee.

BROWN, Justice.

Appellant Fletcher sued appellee McFall for personal injuries sustained by appellant, after night fall, when appellee's automobile ran into appellant's horse-drawn wagon, on a public highway in Wichita County, Texas.

Negligence of the appellee's employee, who was driving the automobile, was alleged in several particulars, and the cause being tried to a jury, findings were made in favor of appellant that require the rendition of a judgment in his favor, unless there is some finding of contributory negligence on the part of appellant that would defeat a recovery by him.

We find the defense of contributory negligence pleaded, in substance, as follows: That plaintiff was driving his wagon on the highway, after dark, "without any kind or character of lights, either in front or behind said vehicle"; and "without having displayed a red or yellow light on the back of said wagon"; and "without having any flares of any kind upon the back of said wagon"; and "without having any character of signal on his vehicle"; and "driving upon said highway one-half hour after sundown without any light of any kind or character on the back of his wagon"; "and defendant says that by reason of the fact that plaintiff failed to comply with the law of the road by placing some kind of flare or signal upon the back of his wagon, the accident could not have been avoided, etc."

It will be observed that there is no pleading to the effect that the plaintiff failed to equip his wagon "with adequate reflectors", in compliance with what is known as the Law of the Road, Arts. 801 through 827d, Penal Code. This is the vital point in this case, as will be seen.

The statute upon which the defendant was relying is Section 9 of Article 827a,

Penal Code, Vernon's Ann. Penal Code of Texas. This article begins by making it applicable to all motor vehicles "other than any road roller, road machinery or farm tractor, having a width at any part in excess of seventy (70) inches", and requires such motor vehicles to carry two clearance lamps on the left side of such vehicle, etc., and further provides that such vehicles "may, in lieu of such clearance lights, be equipped with adequate reflectors conforming as to color and marginal location to the requirements for clearance lights"; and describes what is deemed to be an adequate reflector, and requires the approval of "the Department" before such may be lawfully used, and then the statute provides:

"All vehicles not heretofore by law required to be equipped with specified lighted lamps shall carry one or more lighted lamps or lanterns displaying a white light visible under normal atmospheric conditions from a distance of not less than five hundred (500) feet to the front of such vehicle and displaying a red or yellow light visible under like conditions from a distance of not less than five hundred (500) feet to the rear of such vehicle, which light shall be kept lighted while the vehicle is upon a highway from one-half hour after sunset to one-half hour before sunrise.

"Provided, however, that vehicles drawn by animal power may in lieu of such lamps or lanterns be equipped with adequate reflectors."

It is undisputed that appellant had no reflector on the rear of his wagon.

The cause being submitted to a jury on special issues, the jury found that appellee's employee in charge of the automobile failed to keep a proper lookout; this was negligence and a proximate cause of plaintiff's injury; that the automobile, at the time of the collision, was being operated at a time which was more than 30 minutes after sundown; that it was being operated without having adequate lights burning; that this was negligence and a proximate cause of plaintiff's injuries; the damages awarded the plaintiff were $1,800, for injuries to his person.

Special Issue No. 13 was submitted as follows: "Do you find from a preponderance of the evidence that the failure of plaintiff to have a reflector on the back of his wagon proximately caused or proximately contributed to cause the collision, if any?" The jury answered: "Yes."

It was stipulated and agreed on the trial that plaintiff's doctor's bill was $95, and his hospital bill was $97.50. No proof was required on these items.

Plaintiff below (and appellant here) moved for judgment notwithstanding the verdict, and requested the trial court to disregard the finding of the jury made in answer to issue No. 13, the trial court overruled such motion, and sustained the defendant's motion for judgment on the verdict, and judgment was rendered that plaintiff take nothing. The plaintiff has appealed and asks that the judgment of the trial court be reversed and judgment here rendered for him. We believe his prayer should be granted.

■ Appellee not having pleaded negligence on the part of the plaintiff in failing to have an adequate reflector on the rear of his wagon, such issue was not raised by the pleadings and even though plaintiff admitted that he had no reflector on the wagon, the submission of issue No. 13 was improper and the trial court should have disregarded the answer to it.

This is an established rule in Texas. But we think the answer should be disregarded for another reason.

■ What is the purpose of the "reflectors" that are provided for in the statute? These are devices constructed to catch the rays of light thrown by the headlights of vehicles approaching from behind so that they will cause the "reflector" to shine as if it were a light.

Of what use could a "reflector" be on the rear of any vehicle unless the one approaching from behind had adequate lights burning? Obviously none.

The undisputed testimony shows that appellee's automobile was being driven after dark without any headlights, and, in answer to the issue propounded, the jury found that the car was being driven "without having adequate lights burning on same."

We hold that, as a matter of law, the failure to have a reflector on the back of the wagon could not be a proximate cause of the collision, when there was no adequate headlight burning on appellee's automobile. If the rear of appellant's wagon had been plastered with reflectors, they would have been utterly useless in the absence of a light, or lights, to shine upon them.

No other issue of contributory negligence was submitted and none requested,

and no objection was urged against the charge.

For the reasons stated, the judgment of the trial court is reversed and judgment is here rendered for appellant, in the sum of $1,992.50, and all costs.