## J. M. McFALL v. M. W. FLETCHER.

No. 7747. Decided December 17, 1941.
(157 S. W., 2d Series, 131)

*Davenport & Tipps,* of Wichita Falls, for plaintiff in error.

*J. Earle Kuntz* and *McDonald & Anderson,* all of Wichita Falls, for defendant in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

M. W. Fletcher brought this suit against J. M. McFall for personal injuries, sustained by him when the horse-drawn wagon in which he was riding was struck from behind by an automobile owned by McFall, and driven by his employee, Lee Robertson. McFall defended on the ground that Fletcher failed to comply with Section 9 of Article 827a, Penal Code of Texas, in not placing reflectors on the rear of his wagon. Based upon the findings of the jury, the trial court entered judgment in favor of J. M. McFall. The Court of Civil Appeals at Fort Worth reversed the judgment of the trial court, and rendered judgment in favor of Fletcher in the sum of $1,992.50 and costs. 138 S. W. (2d) 609.

We shall designate the parties plaintiff and defendant, as they were designated in the trial court.

Section 9 of Article 827a requires that a vehicle such as plaintiff was driving, when operated on the highway more than thirty minutes after sunset, shall be equipped with lighted lamps or lanterns, which will be visible five hundred feet under

normal atmospheric conditions; or, in lieu thereof, shall be "equipped with adequate reflectors." The same section also provides that a reflector shall not be deemed adequate unless it is so "maintained as to be visible for at least two hundred (200) feet when opposed by the light of a motor vehicle displaying lawful undimmed headlights at night on an unlighted highway."

The case was submitted to the jury on special issues. The trial court instructed the jury that, "By adequate light is meant a light which can be seen at a distance of 500 feet under normal conditions." In response to special issues, the jury found that Lee Robertson was driving the car owned by the defendant at the time of the collision; that the rate of speed at which Robertson was operating the automobile at the time of the collision was fifteen miles per hour; that the rate of speed at which Robertson was operating such car was not negligence; that Robertson failed to keep a proper lookout on the highway, and that this constituted negligence, and was the proximate cause of plaintiff's injuries; that Robertson operated the automobile more than thirty minutes after sundown; that Robertson operated said automobile "without having adeuate lights burning on same"; that such a failure to have adequate lights burning was negligence; that such failure to have adequate lights burning was the proximate cause of plaintiff's injuries.

The trial court also submitted special issue No. 13, which reads as follows: "Do you find from a preponderance of the evidence that the failure of plaintiff to have a reflector on the back of his wagon proximately caused or proximately contributed to the cause of the collision, if any?" To which the jury answered, "Yes."

The Court of Civil Appeals reversed the judgment of the trial court, and rendered judgment in favor of plaintiff, on the following grounds: (1) Defendant failed to plead that the plaintiff failed to have a reflector on the rear of his wagon, and that such issue was not raised even though plaintiff admitted that he had no reflector on the wagon; (2) that the undisputed testimony shows that defendant's automobile was being driven after dark, without lights; (3) that the jury found that the car was being driven "without having adequate lights burning on same."

■ Unless it can be said, as a matter of law, that there were no pleadings and no evidence of probative force to sustain the findings of the jury and the judgment of the trial court, the Court of Civil Appeals was not justified in reversing and rendering the cause. If the pleadings and the evidence did raise such issues, and support the judgment of the trial court, then this Court has jurisdiction of the case. First State Bank v. Metropolitan Casualty Insurance Co., 125 Texas 113, 79 S. W. (2d) 835.

Defendant answered by general denial, general demurrer, and pleaded contributory negligence. In such answer it was alleged that "plaintiff's negligence in driving said team upon the said highway after dark, without any kind or character of lights, either in front or behind said vehicle, was the proximate cause of said accident; that plaintiff drove and operated said wagon with a team of horses hitched to it upon a public highway * * * more than thirty minutes after sundown * * * without having displayed a red or yellow light on the back of said wagon which would warn those upon said highway that he was driving on same." He further alleged that "the plaintiff was guilty of negligence by violating the Penal Code * * * in driving upon said highway one-half hour after sundown, without any light of any kind or character on the back of his wagon, so as to apprise the said Lee Robertson or anyone else that he was upon said highway, and that his negligence caused said accident and injuries, if any he suffered, and was not the negligence of the defendant, his employee, or agent." He further pleaded that "Robertson could not have seen the plaintiff's wagon upon said highway in time to avoid such accident, as it was dark and they were both driving in the same direction; and defendant says that by reason of the fact that plaintiff had failed to comply with the Law of the Road, by placing some kind of flare or signal upon the back of his wagon, the accident could not have been avoided under the above circumstances, for the fact that if the said automobile did strike the said wagon, which is not admitted but denied, then the same could not have been avoided, as Lee Robertson could not have seen said wagon except for a few steps, because same had no warning that it was on said road, and since it was very dark same could not be seen except a very few feet in the light of the car, as the road was not even and level."

No special exceptions were pleaded or urged by plaintiff to the allegations made by defendant, and the trial proceeded on

such pleadings. Furthermore, no exceptions were presented, during the trial, to the submission of special issue No. 13, and judgment was entered as above indicated. We therefore disagree with the Honorable Court of Civil Appeals in its holding that under the state of this record the pleadings of defendant were not sufficient to raise the issue as to whether or not the plaintiff complied with the Penal Code requiring him to equip his wagon with adequate reflectors.

Let us now examine the record to see if it sustains the judgment of the trial court. The court submitted to the jury the issue as to whether or not Robertson operated the automobile without "having adequate lights burning on same." No issue was requested by plaintiff submitting the issue as to whether or not the car had any lights burning at the time of the collision, The court's attention was not called to this omission by plaintiff, and no exception was made to the charge for not submitting such issue. In other words, plaintiff stood by the issues as submitted by the court to the jury as a basis for recovery. After the jury had returned its verdict, plaintiff filed a motion for a judgment non obstante veredicto, based on the ground that the court should disregard the findings of the jury to special issue No. 13, and should render judgment in favor of plaintiff, because the evidence was undisputed that Robertson operated the car at the time of the collision "without having adequate lights burning,"—which was negligence and the proximate cause of the collision; and, furthermore, that the evidence showed that Robertson operated said automobile without having any kind of lights burning at the time of the collision; so that it was immaterial whether or not plaintiff had any reflector on the back of his wagon. The trial court overruled this motion.

The jury found that plaintiff was guilty of contributory negeligence in failing to have a reflector on the back of his wagon, and that such negligence caused or proximately contributed to cause the collision which resulted in the injuries to plaintiff. The rule prevails that if negligence on the part of the person injured contributed to the injuries, he is not entitled to recover for such injuries. Martin et al v. Texas & P. Ry. Co., 87 Texas 117, 26 S. W. 1052; Houston & T. C. Ry. Co. v. Smith, 52 Texas 178, 183; Walker v. Herron, 22 Texas 56; Orchin v. Ft. Worth Poultry & Egg Co. (Civ. App.), 43 S. W. (2d) 308. The jury found that the plaintiff failed to comply with the provision of Section 9 of Article 827a of the Penal

Code, and that such failure proximately contributed to and caused his injuries. The effect of this finding bars a recovery by plaintiff, notwithstanding the other findings made by the jury.

Plaintiff contends that, even if defendant's pleadings are sufficient to raise the issue of adequate reflectors, nevertheless the trial court committed error in overruling his motion to disregard the jury's answer to special issue No. 13; because the evidence is undisputed that Robertson was driving the McFall automobile without lights of any character, and it was therefore immaterial whether the wagon was equipped with reflectors or not. This contention is based upon the ground that, even if his wagon had been properly equipped with adequate reflectors, it would have availed nothing; as they would not have apprised Robertson of the wagon's presence on the highway, because there were no lights burning on the automobile driven by him to shine on the reflectors.

The distance from the wheat field, where McFall and Robertson had been working, to the place where the accident occurred was only a few hundred yards. Plaintiff was riding with his back to the approaching automobile, and testified that he saw no lights on the automobile. McFall testified that he saw Robertson get into the car and drive down the road, and that the lights were then in working order. Robertson was not available as a witness, and therefore did not testify. Glenn Bray, a boy eighteen years of age, testified that he was riding with Robertson at the time of the collision, and that there were no lights burning on the car; but he also testified that he "knew Mr. McFall's car had lights on it." He was given a vigorous cross examination as to the correctness of his testimony that no lights were burning on the automobile at the time of the collision.

The trial court defined "adequate light" to mean a "light which can be seen at a distance of 500 feet under normal conditions." There is no testimony as to how far the lights could have been seen, or that they would not have mirrored a reflector within two hundred feet in front of the automobile, if one had been attached to the rear of plaintiff's wagon. Hence, a finding that the lights were inadequate was but a finding that they were not visible for five hundred feet; and it is not a finding that such lights would not have mirrored an adequate reflector two hundred feet in front of the automobile.

In the absence of undisputed evidence, or a finding by the jury that the lights on defendant's automobile were not efficient enough to throw a light on and illuminate adequate reflectors a distance of two hundred feet in front of the automobile, this Court cannot hold, as a matter of law, that the failure of plaintiff to have adequate reflectors on the rear of his wagon could not have been the proximate cause of the collision.

The jury found that Robertson was driving at the rate of fifteen miles per hour. There is no showing that he could not have stopped his car within whatever distance the lights on his car would have shone on and illuminated adequate reflectors, had they been attached to the rear of plaintiff's wagon, although that distance may have been less than two hundred feet. The jury and the trial judge heard the witnesses testify. The jury found the plaintiff guilty of contributory negligence, in failing to equip his wagon with adequate reflectors. The effect of this finding by the jury was that they disregarded the testimony of Bray, as they had a right to do, and found that Robertson could have discovered plaintiff's wagon in time to have avoided the collision, if it had been equipped with reflectors, as required by Section 9 of Article 827a of the Penal Code. The trial court entered judgment on such finding; and, in view of this record, we cannot hold, as a matter of law, that there was no evidence to sustain such judgment.

For the reasons herein stated, the judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered December 17, 1941.