**ZAMORA v. THOMPSON.**

No. 12413.

Court of Civil Appeals of Texas.
San Antonio.

June 18, 1952.

Rehearing Denied July 16, 1952.

Rankin, Kilgore & Cherry, Edinburg, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

POPE, Justice.

This is an appeal from a summary judgment awarded the defendant railway company in a suit brought by the plaintiff who drove into the side of a train at night.

■ As recited in the judgment, the trial court, in passing on defendant's motion for summary judgment, had before it the plaintiff's own deposition, the affidavits of two of plaintiff's witnesses, and certain admissions. We shall consider all matters of original negligence on the part of the railway as proved, including plaintiff's contentions that the train operators gave no warning signs or signals, failed to blow the whistle and ring the bell, and used no other safety precaution. The single point relied upon in support of the court's summary judgment is that the plaintiff was contributorily negligent as a matter of law in running into the side of a train that was crossing the highway. It becomes necessary to determine whether the case presents a dispute on a material fact issue.

■ Between eleven and twelve o'clock on the night of January 6, 1949, plaintiff was driving his automobile along U. S. Highway 281, near Faysville in Hidalgo County, when he came to a point where the defendant railway crossed the highway. Plaintiff had on numerous occasions, over a period of several years, crossed the railway at the point where it intersected Highway 281 and was familiar with the crossing. There was no showing of discovered peril such as would avoid the force of contributory negligence, since there as a total failure to show that the defendant railway knew or discovered the plaintiff's peril, an essential element to that doctrine. Blasdell v. Port Terminal R. Ass'n, Tex.Civ.App., 227 S.W.2d 248; Texas & N. O. R. Co. v. Grace, 144 Tex. 71, 188 S.W.2d 378; Panhandle & S. F. Ry. Co. v. Napier, 135 Tex. 314, 143 S.W.2d 754; Dallas Ry. & Terminal Co. v. Redman, Tex.Civ.App., 88 S. W.2d 136.

■ If the facts are such as would support an instructed verdict and they are that the plaintiff drove into the side of the train that was already across the highway when he saw it within the range of his vision, the court's summary judgment was correct. Texas & N. O. R. Company v. Compton, 135 Tex. 7, 136 S.W.2d 1113; Texas City Terminal Ry. Co. v. Allen, Tex. Civ.App., 181 S.W.2d 727; Wichita Valley Ry. Co. v. Fite, Tex.Civ.App., 78 S.W.2d 714; Texas & N. O. R. Company v. Stratton, Tex.Civ.App., 74 S.W.2d 741. And this

would be the result even though the train was only partially obstructing the highway. Wichita Falls & Southern R. Co. v. Hesson, Tex.Civ.App., 151 S.W.2d 270; Wichita Falls & Southern R. Co. v. Anderson, Tex. Civ.App., 144 S.W.2d 441.

■ Plaintiff's contention is that a fact issue was raised as to whether the train was already in the crossing or was only approaching the crossing. The only support for his view that the train was approaching the crossing, comes from a statement in an affidavit presented to the court at the summary judgment proceeding. The court, by its order, excluded any consideration of the contents of the two affidavits. The reason for that ruling seems to be that the affiants did not possess the necessary testimonial qualifications to state facts within their own personal knowledge. The affiants did not see the accident, but from a short distance they heard the movement of the train and after the crash went to the scene of the accident. However, one affidavit did include a statement that should have been considered by the trial court. It stated: "The collision occurred between Mr. Zamora's car and the front left side of the train engine." The fact was one within the personal knowledge of the affiant and it would be consistent with plaintiff's contention at the hearing that the train was approaching rather than obstructing the highway when first seen by the plaintiff.

The conflict with the statement of the affidavit, that plaintiff relies upon, is, curiously enough, the positive, unretracted and unexplained statements of the plaintiff himself, who alone could actually know what he saw. He asserted that the train was not approaching but was already obstructing the highway when he saw it. His deposition which was before the court stated:

"Q. Where was the train when you first saw it? A. *It was on the highway.*

"Q. What part of the train was on the highway? A. I do not know, the engine—I cannot tell you.

"Q. Did the train appear to be moving, or was it standing still? A. I think it was standing still.

"Q. You are not sure of that, however? A. No, sir.

"Q. About how far were you from the crossing there when you first saw the train? A. Well, that is pretty hard for me to tell you exactly how far, but it must have been about a hundred and fifty (150) feet; I do not remember, one hundred (100) feet or something like that.

"Q. You are unable to say just how far it was? A. Yes, sir.

"Q. But you did put your brakes on and you did immediately when you saw the locomotive? A. Yes, sir.

"Q. Or the train? A. That is right.

"Q. And then you skidded from that distance, up until you collided with the train? A. Yes, sir.

"Q. How fast do you think you were driving, Mr. Zamora, when you first saw the train, about? A. About fifty (50) or fifty-five (55) miles.

"Q. *When you first saw the train, it was on the crossing?* A. *That is right.*

"Q. *You did not see it before it got on and approached the crossing; when you saw it, it was on the crossing?* A. *That is right.*

■■ The plaintiff himself testified positively and unequivocally concerning his personal observations. What the plaintiff saw is matter of his own personal observation and is knowledge he possessed and acted upon. He stated that he saw the train and that it was on the crossing. He did not retract, modify or explain away the statement that he saw the train and that instead of merely approaching the highway, it was across the highway. While a party is not always bound by his own testimony, when he testifies understandingly about matters within his own special knowledge, he should be bound. Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569; LaFleaur v. Kinard, Tex. Civ.App., 161 S.W.2d 144; Kimmell v. Tipton, Tex.Civ.App., 142 S.W.2d 421; Foster v. Woodward, Tex.Civ.App., 134 S.W.2d 417; Wristen v. Wristen, Tex.Civ.App., 119 S.W.2d 1104; Moore v. Conway, Tex.Civ.

App., 108 S.W.2d 954. From these authorities, we conclude that plaintiff will not be heard to say that he is not bound by his own testimony.

If, however, plaintiff should be correct in his theory which conflicts with his own statements, i. e., that the train was approaching rather than obstructing the intersection; it is not disputed that he saw the train, wherever it was. Sec. 86(d) of Article 6701d, Vernon's Ann.Civ.Stats., provides:

"Sec. 86. Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad and shall not proceed until he can do so safely when: * * *

"(d) An approaching train is plainly visible and is in hazardous proximity to such crossing."

Even if the train were approaching the highway, the plaintiff did not comply with that provision and it fixes negligence as a matter of law upon the plaintiff. Texas & N. O. R. Co. v. Stewart, Tex.Civ.App., 248 S.W.2d 177; Lackey v. Gulf C. & S. F. Ry. Co., Tex.Civ.App., 225 S.W.2d 630.

The judgment is affirmed.