PETERS v. CHICAGO, R. I. & P. R. CO.

No. 6272.

Court of Civil Appeals of Texas.
Amarillo.

Jan. 26, 1953.

Rehearing Denied March 2, 1953.

Vickers, Vickers & Corbin, Lubbock, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, and Thompson, Walker, Smith & Shannon, Fort Worth, for appellee.

NORTHCUTT, Justice.

Appellant, Herschel T. Peters, sued the Chicago, Rock Island & Pacific Railroad Company, appellee, to recover damages for personal injuries sustained by him in a collision between a truck driven by appellant and one of the passenger trains of the appellee. The collision occurred at the intersection of Grand Avenue and the Rock Island tracks in the City of Amarillo, Texas. Appellant alleged appellee was negligent in the following particulars: In traveling at the rate of 45 miles an hour at the time and occasion in question; in failing to slacken the speed of the train; failure to have the train under control; failing to keep a proper lookout since it was more than ordinarily hazardous and dangerous as a night-time crossing; in failing to have a flagman, or to install the mechanical warning devices such as flashing lights and bell, or failing to install crossing gates. Appellee answered and besides a general denial pleaded appellant was negligent in the following manner: In driving his vehicle at a negligent rate of speed under the circumstances; failing to keep the proper lookout; failing to keep his truck under proper control; driving his vehicle upon the track in front of appellee's train at a time when the train was plainly apparent; failing to stop within 50 feet but not less than 15 feet from the nearest rail of the railroad, as required by section 86, Article 6701(d), Revised Civil Statutes, Vernon's Ann.Civ.St. art. 6701d though the train was plainly visible and in hazardous proximity to the crossing and though within 1500 feet of the crossing, when the train was emitting a signal and by reason of its nearness was an immediate hazard; and in violating section 89a, Article 6701d, Revised Civil Statutes of the State of Texas, in failing to listen and look in both directions along the track for an approaching train, or for signals indicating its approach; and in refusing to reduce his speed and attempting to cross the tracks before he could do so in safety.

The case was submitted to the jury upon 13 special issues. Both parties made a motion for judgment upon the verdict. Judgment was rendered that appellant take nothing and the appellee recover all its costs. Hence this appeal.

There would seem to be no question but what the appellant would have been entitled to a judgment upon the findings of the jury except for the jury's answers to subdivisions (a), (b), (c), (d), (e) and (f) of special issue No. 10, which issue and the answers thereto read as follows:

"Special Issue No. 10.

"(a) Do you find from a preponderance of the evidence that defendant's approaching train when it was at some point within approximately fifteen hundred feet (1,500') of the crossing emitted a signal audible from such distance? Answer: Yes.

"If you have answered subdivision (a) yes and in that event only, then answer:

"(b) Do you find from a preponderance of the evidence that defendant's train, at the time that it emitted such an audible signal, if it did, was, by

reason of its nearness to the highway crossing, an immediate hazard? Answer: Yes.

"If you have answered subdivision (b) yes and in that event only, then answer:

"(c) Do you find from a preponderance of the evidence that defendant's approaching train would have been plainly visible to plaintiff if he had looked in the direction of the approaching train when he was at a point within fifty feet (50') but not less than fifteen feet (15') from the nearest rail of the railroad crossing? Answer: Yes.

"If you have answered subdivision (c) yes and in that event only, then answer:

"(d) Do you find from a preponderance of the evidence that plaintiff, after reaching a point within fifty feet (50') from the nearest rail of the railroad crossing at which defendant's approaching train would have been plainly visible, if it was, could then have stopped his vehicle at a point not less than fifteen feet (15') from the nearest rail, using all the means at hand? Answer: Yes.

"If you have answered subdivision (d) yes and in that event only, then answer:

"(e) Do you find from a preponderance of the evidence that plaintiff failed to stop his automobile within fifty feet (50') but not less than fifteen feet (15') from the nearest rail of the railroad crossing? Answer: Yes.

"If you have answered subdivision (e) yes, and in that event only, then answer:

"(f) Do you find from a preponderance of the evidence that plaintiff's failure, if any, to stop his automobile within fifty feet (50') but not less than fifteen feet (15') from the nearest railroad crossing was a proximate cause of any injuries sustained by plaintiff? Answer: Yes."

Appellee contended that the answers to special issue No. 10 prevented the appellant from any recovery. Appellant's contentions are as follows: That the court erred in rendering judgment for appellee based solely upon the jury's affirmative answers to special issue No. 10, since the submission of special issue No. 10 is based upon Article 6701d, § 86(c), and such statute is unconstitutional because it is so vague and indefinite; that the trial court erred in submitting special issue No. 10 because of failure to submit the issue of notice to those about to use the crossing; that through such submission it places on appellant duties in excess of statutory duties; by jury finding in another issue that appellant did keep a proper lookout, that such affirmative finding would supply the missing element of notice in special issue No. 10 and thereby necessitate a holding that special issue No. 10 would not warrant entry of judgment for appellee but would require judgment for appellant; that finding of the jury that appellee kept a proper lookout is in conflict with special issue No. 10 and no judgment could be rendered; no judgment could be entered because the jury in another issue acquitted the appellant of contributory negligence relative to speed, lookout and crossing when a train was apparent as are inconsistent with the findings in special issue No. 10; and that there was insufficient evidence to warrant the submission of, or to sustain a finding of the jury to, special issue No. 10.

Since all seven points of error are based upon special issue No. 10, we believe appellant's seven points of error can be best presented together.

The statute involved is Article 6701d, § 86, which reads as follows:

"Sec. 86. Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad and shall not proceed until he can do so safely when:

\* \* \* \* \* \*

"(c) A railroad engine approaching within approximately fifteen hundred (1500) feet of the highway crossing emits a signal audible from such distance and such engine by reason of its

speed or nearness to such crossing is an immediate hazard;

"(d) An approaching train is plainly visible and is in hazardous proximity to such crossing."

The jury found in answer to special issue No. 10 that the appellee's approaching train when it was at some point within approximately 1500 feet of the crossing emitted a signal audible from such distance, and that it was by reason of its nearness to the highway crossing an immediate hazard. The jury further found that the train would have been plainly visible to appellant if he had looked in the direction of the approaching train when he was at a point within 50 feet but not less than 15 feet from the nearest rail of the railroad crossing, and that after reaching a point within 50 feet he could have stopped his vehicle at a point not less than 15 feet from the nearest rail. The jury further found that appellant failed to stop his vehicle within 50 feet but not less than 15 feet from the nearest rail of the railroad crossing, and that such failure was a proximate cause of any injuries sustained by the appellant.

■ We have been unable to find where any of our Texas courts have passed upon Article 6701d, § 86(c), as to it being unconstitutional, but subdivision (d) of that same statute was passed upon in Lackey v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 225 S.W. 2d 630, 632, the Court there saying: "We are also of the opinion that Sub. (d), Sec. 86, Art. 6701d, Vernon's Ann.Civ.St., is not unconstitutional because of indefiniteness." Since subdivisions (c) and (d) are so nearly alike, one saying "immediate hazard" and the other "hazardous proximity," there is very little, if any, difference. We hold that subdivision (c), § 86, Article 6701d, Vernon's Annotated Civil Statutes, is not unconstitutional because so vague and indefinite. Texas & N. O. R. Co. v. Stewart, Tex.Civ.App., 248 S.W.2d 177; Zamora v. Thompson, Tex.Civ.App., 250 S.W.2d 626.

■ In response to special issue No. 10(e), the jury found as a fact that appellant did not stop his automobile within 50 feet but not less than 15 feet from the nearest rail of the railroad crossing. The

action upon the part of appellant in not stopping was in direct violation of the statute and constituted negligence per se. East Texas Motor Freight Lines v. Loftis, et ux., Tex.Civ.App., 219 S.W.2d 133; Alpine Telephone Corporation v. McCall, 143 Tex. 335, 184 S.W.2d 830.

■ In response to special issue No. 10(f), the jury found that appellant's failure to stop was the proximate cause of his injury. This being true, it would defeat the appellant in all his claims for damages. In Orchin v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 43 S.W.2d 308, 310, the Court said:

"The violation of this statute on the part of deceased constituted negligence, and, when the jury found that this negligence proximately contributed to his injury, it thereby nullified the legal effect of the three separate acts of negligence, found to have been committed by Scott, and each found to be a proximate cause of deceased's injury. It is elementary that no recovery can be had for an injury inflicted by a wrongful act, if such injury was proximately contributed to by the wrongful act of the one receiving the injury."

Again quoting from Lackey v. Gulf, C. & S. F. Ry. Co., supra, the Court said:

"We know as a matter of common knowledge that a railway engine is not easily hid or obscured, and that had appellant looked he must have seen the engine.

" 'One may not claim the right to recover, because he has looked and did not see, if the conditions are such that had he looked he must have seen.' Creal v. United States, D.C., 84 F.Supp. 249, 252. See also Waring v. Harris, Tex.Civ.App., Austin, 221 S.W.2d 345, Writ Ref.

"Our conclusion from the undisputed evidence is that the approaching engine was plainly visible to appellant and was in hazardous proximity to the crossing as appellant approached it, and appellant's failure to stop not less than 15 feet from the nearest rail of the track being used by the engine and his

**864**

failure to wait until he could safely proceed was a proximate cause of the collision and its consequences."

McFall v. Fletcher, 138 Tex. 93, 157 S. W.2d 131, 133 states:

"The rule prevails that if negligence on the part of the person injured contributed to the injuries, he is not entitled to recover for such injuries. Martin v. T. & P. Ry. Co., 87 Tex. 117, 26 S.W. 1052; Houston & T. C. Ry. Co. v. Smith, 52 Tex. 178, 183; Walker v. Herron, 22 Tex. 55; Orchin v. Ft. Worth Poultry & Egg Co., Tex.Civ. App., 43 S.W.2d 308. The jury found that the plaintiff failed to comply with the provision of Section 9 of Article 827a of the Penal Code, and that such failure proximately contributed to and caused his injuries. The effect of this finding bars a recovery by plaintiff, notwithstanding the other findings made by the jury."

St. Louis, B. & M. Ry. Co. v. Tijerina, Tex.Civ.App., 18 S.W.2d 727, 728:

"It is the well-settled rule that in an action for personal injuries caused by the negligence of another, contributory negligence is an absolute defense. There is no exception to this rule except where a party willfully inflicts an injury as in case of discovered peril."

From what has been said, all of appellant's assignments of error are overruled, and the judgment is affirmed.