**ABILENE CHRISTIAN COLLEGE, Appellant,**

v.

**James Ray KERBY, Appellee.**

**No. 4580.**

Court of Civil Appeals of Texas, Eastland.

Dec. 8, 1972.

Rehearing Denied Jan. 5, 1973.

Pope, Dickenson, Batjer & Glandon (Roger L. Glandon), Abilene, for appellant.

Robinson, Wilson & Holloway (James E. Robinson), Abilene, for appellee.

WALTER, Justice.

James Ray Kerby recovered a judgment against Abilene Christian College for damages resulting from an intersectional collision and Abilene Christian College has appealed.

The jury found the Abilene Christian College driver guilty of running a red light and failure to keep a proper lookout and that such actions were a proximate cause of the collision. The jury also found that the Abilene Christian College driver failed to make timely application of his brakes, that this was negligence and a proximate cause of the collision. The jury in answer to Issues 21, 22 and 23 found:

"SPECIAL ISSUE NO. 21:

Do you find from a preponderance of the evidence that the conduct of James Ray Kerby in driving with his door open on the occasion in question was negligence?

Answer 'We do' or 'We do not'.

Answer: We do

In the event that you have answered the foregoing special issue 'We do', you will answer the following special issue; otherwise, you need not answer same.

SPECIAL ISSUE NO. 22:

Do you find from a preponderance of the evidence that such negligence was a proximate cause of some or all of plaintiff's injuries?

Answer 'We do' or 'We do not'.

Answer: We do

In the event that you have answered the foregoing special issue 'We do', then you will answer the following special issue; otherwise, you need not answer same.

SPECIAL ISSUE NO. 23:

What percentage of the injuries received by James Ray Kerby as a result of the accident in question were sustained as a result of such negligence?

Answer: 35%"

Abilene Christian College contends the court erred in not rendering judgment for it because the jury found Kerby guilty of contributory negligence which was a proximate cause of some or all of his injuries.

Kerby filed a motion to disregard the jury's answers to Issues 21, 22 and 23 because the findings had no support in the evidence and are not final issues; that comparative negligence is not the law in Texas and there is no authority for submitting said issues. The court overruled this motion and Kerby has presented cross-points in which he contends there is no evidence to support the answers to Issues 21, 22 and 23. He also contends said answers do not constitute mitigation of damages, avoidable consequences or contributory negligence.

**498**

In Parrott v. Garcia, 436 S.W.2d 897 (Tex.Sup.1969), the Court said:

"The present Court has inherited the well established common law principle that contributory negligence proximately causing injury is a bar to recovery against a negligent defendant. The comparative degree of negligence is not material."

In Carter v. Harrison, 447 S.W.2d 704 (Tex.Civ.App.—Fort Worth 1969, ref. n. r. e.), the Court said:

"Regardless of the wording of the issue, 'The rule prevails that if negligence on the part of the person injured contributed to the injuries, he is not entitled to recover for such injuries.' McFall v. Fletcher, 138 Tex. 93, 157 S.W.2d 131, 133 (1941)."

Kerby testified substantially as follows: I usually drove my van with the door open in the city limits and it was a common practice with the other drivers for the company. He was asked the following questions and he gave the following answers:

"Q Of course, you realize now that had you not had that door open while you were driving that you wouldn't have received those injuries, don't you, Mr. Kerby?

A Possibly.

Q Well, of course, you have already told the Jury that you got all these injuries when you were thrown out of the truck, and the truck toppled over on you. That is true, isn't it?

A Yes."

We find some evidence to support the jury's findings to issues numbers 21 and 22 copied above, and hold that the court erred in not rendering a judgment that Kerby take nothing. We have considered all of Kerby's cross-points and find no merit in them. They are overruled.

The judgment is reversed and judgment is rendered that Kerby take nothing.