MISSOURI-KANSAS-TEXAS RAILROAD COMPANY OF
TEXAS V. ANNIE E. MCLAIN ET AL.

No. 6877. Decided March 29, 1939.
Rehearing overruled July 19, 1939.
(126 S. W., 2d Series, 474.)

*Charles C. Huff, G. H. Penland, J. M. Chambers* and *Touchstone, Wight, Gormley & Price,* all of Dallas, for plaintiff in error.

It was not a natural or probable result of the action of a train crew in stopping a train across a paved highway that

a grown, intelligent, experienced railroad engineer should have been walking along the highway and should meet his death by being crushed against the side of the train on said highway by an automobile whose driver approached the crossing, with which he was familiar, at such a speed that he was unable to stop his car after he saw the train, the highway in question being straight, level, paved and unobstructed. Baughn v. Platt, 123 Texas 486, 72 S. W. (2d) 580; Union Stock Yards v. Peeler, 37 S. W. (2d) 126; Stephens v. Oklahoma City Ry. Co. 28 Okla. 340, 114 Pac. 611.

*Mack L. Vickery* and *Carden, Starling, Carden & Hemphill,* all of Dallas, for defendants in error.

It was a question of fact for the determination of the jury as to whether in the exercise of ordinary care in the light of attending circumstances, the defendant railroad company, and its employees, should have anticipated that a pedestrian would be obliged to stop near the obstructing train, waiting for it to clear the crossing, and that while so waiting an automobile driven at a lawful rate of speed should approach and its driver not discovering the train across the highway until too late to stop, applied his brakes and because of the wet paving skidded against the train and in doing so struck and crushed deceased. International & G. N. Ry. Co. v. Finger, 16 S. W. (2d) 132; Fort Worth & Rio Grande Ry. Co. v. Kime, 51 S. W. 558; Texas & Pac. Ry. Co. v. Gentry, 1633 U. S. 353, 41 L. Ed. 186, 16 Sup. Ct. 1104.

*Thompson & Barwise* and *Luther Hudson,* all of Fort Worth, file a brief as amicus curiae.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a damage suit. It was tried in the 95th District Court of Dallas County, Texas. Mrs. Annie E. McLain, surviving widow of Charles M. McLain, acting on behalf of herself and also on behalf of the two surviving children of herself and her deceased husband, sued Missouri-Kansas-Texas Railroad Company of Texas for damages on account of the death of Charles M. McLain, alleged to have resulted from the negligence of the Railroad. Trial in the district court, where the case was submitted to a jury on special issues, resulted in a judgment for the plaintiffs. The Railroad appealed to the Court of Civil Appeals at Dallas, but the case was transferred to the El Paso Court of Civil Appeals on the equalization

of the dockets of those several courts. On final hearing in the El Paso Court the judgment of the district court was affirmed. 74 S. W. (2d) 166. This Court granted writ of error on application of the Railroad. The McLains also applied for writ of error, and that application was also granted. The case was originally referred to Section A of the Commission of Appeals. In conformity with the opinion of the Commission, which was adopted by this Court, and for which we assume full responsibility, this Court reversed the judgments of the two lower courts and rendered judgment for the Railroad. 105 S. W. (2d) 206. On motion for rehearing filed by Mrs. McLain et al. this judgment and the opinion upon which it was based were set aside, and the cause was submitted to the Court itself. It is now before us for consideration as on original hearing.

We shall not attempt to detail the pleadings of the parties. It is sufficient to say that they in great detail cover the questions submitted to the jury. According to the record before us, viewed in the light of the findings of the jury, the facts of this case are substantially as follows:

Charles M. McLain, who will hereafter be referred to as McLain, was killed early on the morning of January 11, 1931, at a railroad crossing in the city of Dallas, Dallas County, Texas. The crossing in question was at the point where the track of this railroad crossed what is known as Greenville Avenue. Greenville Avenue was a street in the City of Dallas. Also, it was a link in a paved public highway, and was a much traveled thoroughfare. On the early morning of the date above mentioned the Railroad stopped one of its freight trains on its track above mentioned so that it extended across and blocked the street. The blocking of such street in the manner mentioned stopped travel thereon at the point of blocking, both as to vehicles and as to pedestrians.

In blocking the above street the Railroad was guilty of negligence, which resulted in McLain's death, in the following particulars:

In stopping such train across such street; in failing to cut such train at the point where it was blocking the street; in failing to have someone at the blocked street with a lighted lantern to warn the traveling public of the dangers incident thereto; in failing to install, prior to McLain's death, a light at such crossing to aid travelers in observing whether or not a train was obstructing the street; and in standing such train

across such street for more than five minutes in violation of the penal laws of this State.

As we gather from the record and the verdict of the jury, the circumstances of McLain's death were as follows:

On the early morning of January 11, 1931, McLain was returning to his home from his place of employment. In so returning he was walking on the street in question here. When he reached the point where the Railroad's train was blocking the street on which he was traveling, he was compelled to await the removal of the train from the crossing. While McLain was waiting at the crossing in question an automobile approached such crossing, traveling in the same direction McLain had been traveling. The party driving the automobile, due to the existing darkness and the bad visibility produced by the fact that the weather was cloudy and misty, did not see the train blocking the crossing until he was within such close proximity thereto as to make it necessary for him to undertake to make a quick and sudden stop on what was then a wet and slippery highway. The driver of such automobile did undertake to make such stop under the conditions named. In undertaking to make such stop the driver of the automobile lost control thereof, so that same skidded and slid, striking McLain and thereby so injuring him that his death resulted therefrom. The driver of the automobile did not lose control of the automobile through any defect in the vehicle itself, but simply because he was compelled to attempt to stop it to avoid hitting the train. The driver of the automobile did not see McLain. At the time McLain was struck he was standing on the street, either on the paved or the unpaved part thereof.

The jury acquitted McLain of all acts of contributory negligence charged by the Railroad, and also acquitted the driver of the automobile of any act of negligence.

In the opinion of the Commission, which we adopted as the opinion of the Court, and which, as already stated, we assume full responsibility for, we held, in effect, that the Railroad could not be held responsible for McLain's death; because his injuries were produced by being struck by the automobile above mentioned, and the automobile was caused to strike McLain by reason of the driver losing control thereof. We, in effect, held that even though the Railroad was guilty of negligence in blocking the crossing in the way and manner, and under the circumstances, and for the length of time that it did, and even though such negligence may in some way have

caused McLain's death, still the Railroad could not be held liable; because it could not be said that it ought to have foreseen that the driver of the automobile would lose control thereof, and thereby the automobile caused to strike McLain. In support of this holding we cited, and quoted extensively from, the opinion of the Commission in City of Dallas v. Maxwell, 248 S. W. 667, 27 L. R. A. 927.

After mature consideration we have decided that the Maxwell case does not control this case. In the Maxwell case the driver of the automobile was caused to lose control thereof through no act of the defendant City, but because the automobile itself was defective in such a way that the driver could not control it. As a result of such defective condition of the automobile it plunged over the side of a street into a ravine. It was held that the City could not be held to have foreseen that the automobile would become so defective that it could not be controlled.

In the case at bar we have a different case from the City of Dallas v. Maxwell, supra. In this case the driver of the automobile which struck McLain lost control thereof, not because of any defect in the vehicle itself, a thing the Railroad could not have foreseen, but because of the fact that he was compelled to attempt to stop it very suddenly in order to avoid colliding with the freight train left standing across and blocking the street along which he was traveling. In City of Dallas v. Maxwell the defendant had no connection with the automobile getting out of control. In the instant case the freight train standing across the street had a very direct connection with the automobile getting out of control.

After a careful review of this record we have reached the conclusion that we cannot say, as a matter of law, that the Railroad is not legally responsible for McLain's death. The verdict of the jury undoubtedly convicts it of negligence in the way and manner we have indicated. We are unable to say, as a matter of law, that the Railroad could not have foreseen this accident in the light of the attendant circumstances. Under the facts of this record, the jury was justified in concluding that the Railroad was negligent, and that it ought to have foreseen the circumstances attendant upon the approach of this automobile to this blocked crossing. The jury was also justified in concluding that the train crew knew that pedestrians using this street would have to wait at this blocked crossing until this train was removed. From all this, it cannot be said that the jury was not justified in concluding that the train crew ought to have anticipated that a pedestrian might be injured

in the way McLain was injured, or in some similar way. Carey v. Pure Distributing Corp., 133 Texas 31, 124 S. W. (2d) 847. In the instant case it is not required that the servants and employees of the Railroad should have foreseen that this particular accident would happen in the exact manner that it did happen. All that is required is "that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." San Antonio & A. P. Ry. Co. v. Behne (Com. App.), 231 S. W. 354; Carey v. Pure Distributing Corp., supra.

We have carefully examined this record, and in our opinion the Court of Civil Appeals correctly disposed of all other law questions.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered March 29, 1939.

Rehearing overruled July 19, 1939.