MOODY et al. v. CLARK.

No. 6691.

Court of Civil Appeals of Texas.

Texarkana.

March 18, 1954.

Rehearing Denied April 15, 1954.

Ramey, Calhoun, Brelsford & Hull, Tyler, Touchstone, Long & Bernays, Dallas, Florence & Florence, Gilmer, Earl Sharp, Longview, Mat Davis, F. L. Garrison, Gilmer, for appellants.

Curtis E. Hill, Dallas, for appellee.

FANNING, Justice.

Rex Lowell Clark, by next friend, sued C. Everett Dean and wife Rachel Jo Dean, William Dean and wife Virginia Dean, Mrs. Rosa Croley, George Henry Moody and the City of Gilmer to recover damages for personal injuries. Upon a jury trial and submission on special issues, judgment, except as to Rosa Croley, was rendered for appellee Clark, awarding a recovery of $10,000. Moody contingently claimed indemnity and contribution against the City of Gilmer and indemnity against the Deans; all of which was denied. The judgment however decreed contribution as between Moody and the Deans. The City of Gilmer claimed indemnity against Rosa Croley, which the judgment denied, and against Moody which the judgment awarded. Defendants (other than Rosa Croley in whose favor judgment was rendered) have appealed.

Appellees' motion to dismiss the appeal of the city of Gilmer by reason of the filing of an appeal bond in this court by the city more than thirty days after the overruling of the city's motion for new trial is overruled. The city of Gilmer could appeal from a judgment against it without filing an appeal bond. City of Athens v. Evans, Tex.Com.App., 63 S.W.2d 379; articles 1174 and 2072, V.A.T.C.S.

On or about July 18, 1950, Rachel Jo Dean drove a hydramatic power drive automobile (1948 Pontiac), west along Tyler Street in Gilmer and she testified that she parked it at an angle on the north side of the street in front of Henry Lee Davis' store. Virginia Dean, her sister, was in the front seat on the right with her baby, and in the back were two children about two years old each or less, one being the son of Rachel Jo Dean and C. Everett Dean and the other being the son of Virginia Dean and William Dean. To the east of the Davis Store were three buildings owned by Mrs. Croley upon which an old awning made of lumber and composition material and extending seventy-five feet along the front of said buildings had been replaced with mostly new materials. In the course of this repair old lumber and old materials were placed in the street in front of the Croley buildings. Appellees contended that part of this lumber was stacked up in the street partly in front of the Davis Store, however, the jury found that at the time of the accident there was no lumber in front of the Davis Store, placed there by Moody or under his direction. When the Dean car was parked, Rachel Jo Dean left the car and took the young baby of Virginia Dean with her to a nearby beauty shop, left the engine of her car running without effectively setting the brake. She left Virginia Dean sitting on the front seat on the right with the two young boys in the back seat. The two young boys climbed over to the front and by manipulating or sitting upon the accelerator started the car in sudden, violent and rapid motion, and without any control the car ran over the curb and upon the sidewalk and struck the extreme west end of the Davis Store and part of the extreme eastern side of the Theatre building which was directly west of the Davis Store, and breaking the plateglass window on the west side of the Davis Store. Rex Lowell Clark, who was on the sidewalk at the time, was struck by the car and sustained serious personal injuries as a result thereof. Plaintiffs' theory of the case as to Moody and the City of Gilmer is that the lumber, nails and other material placed in Tyler Street constituted a "ramp" (although appellees do not specifically plead that same constituted a ramp) over which the Dean vehicle traveled from the street and over the curb (about eight or nine inches in height) and that the failure of Moody and the City of Gilmer to remove the materials from the street, were continuing acts of original negligence which appellees say cooperated and concurred with the negligence of the Deans to proximately produce and cause the accident and resulting injuries to Clark.

The jury in response to the special issues found that Rachel Jo Dean permitted the car to stand unattended without first stopping the engine and effectively setting the brake and that this was a proximate cause of plaintiff's injuries; that the automobile in question under all the attendant conditions and circumstances was a dangerous instrumentality and likely to produce injuries to persons and that it was exposed by Rachel Jo Dean to easy manipulation into sudden and violent forward motion by Eddie Jo Dean and Billy Ray Dean, the two-year old children of the Deans; that it was negligence to so expose said automobile and that same was a proximate cause; that Virginia Dean failed to prevent Eddie Joe Dean and Billy Ray Dean from manipulating said automobile into sudden and violent forward motion, and that same was negligence and a proximate cause; that old lumber, etc., was thrown and piled in Tyler Street by Moody and his crew, that such was negligence and a proximate cause of plaintiff's injuries; that such lumber, nails, etc., piled in Tyler Street by Moody and his crew constituted destructive or injurious material; that Moody and his crew failed to remove same from Tyler Street, that same was negligence and a proximate cause. The jury also found that the City of Gilmer failed to immediately remove or cause to be removed the old lumber, nails, etc., thrown into Tyler Street by Moody and his crew, that same was negligence and a proximate cause of plaintiff's injuries. The jury further found that the collision in question was not the result of an unavoidable accident; that at the time of the accident in question there was no lumber in front of the Henry Lee Davis Store placed there by Moody or under his direction. The jury also found

that the conduct of the Dean children was a new and independent cause of the accident. Plaintiff's motion to disregard the jury's finding on this issue was granted and the court entered judgment on the verdict of the jury on the other issues.

■ Appellant Moody's first point is "that the trial court erred in not rendering judgment in his favor based upon the verdict of the jury finding that at the time of the accident in question there was no lumber in front of the Henry Lee Davis Store placed there by Moody or under his direction, together with the uncontroverted evidence that it was in front of said store that the automobile was parked and ran upon the sidewalk injuring plaintiff."

Plaintiff pleaded that Moody and his crew threw and piled the old lumber, etc., "directly in front of the three Croley buildings with the pile thereof extending eastward a few feet in front of the building adjacent to the east of the easternmost of the said Croley buildings *and the pile thereof extending westward a few feet in front of the building adjacent to and west of the westernmost of the three said Croley buildings.*" (Emphasis added). Plaintiff further pleaded that such lumber, etc., was piled to a depth of several inches extending from the curb into the street for a distance of four or five feet. Plaintiff further alleged that the Dean automobile was parked in front of the westernmost of said Croley buildings at an angle with said concrete curb of approximately thirty degrees with the front wheels of said automobile against or near the pile of old lumber about four or five feet away from the curb and *"toward the front of the westernmost of said Croley buildings and the front of the Henry Lee Davis Grocery Store building."* (Emphasis added).

Rachel Jo Dean testified that she left the car parked in front of the Davis Store. She testified that it was parked at an angle (headed northwest near the north curb of the east-west Tyler Street). Virginia Dean testified that the car was parked directly in front of the Henry Lee Davis Store and again repeated this testimony. Appellees concede that there is no direct testimony in conflict with the testimony of Rachel Jo Dean and Virginia Dean that the Dean automobile was parked in front of the Davis Store, but do take the position that this testimony was at variance with the physical facts and other evidence in the case. Appellees in their brief refer to testimony of various witnesses, together with maps, measurements and pictures of the area in question which were introduced in evidence. These matters are all too numerous to discuss here, but upon these the appellees contend that as a matter of the physical facts that the two Mrs. Deans were mistaken in their direct testimony that they were parked in front of the Davis Store and appellees contend that the Mrs. Deans were parked *in front of the middle of the three Croley buildings,* (emphasis added); and appellees in their brief say "that said automobile as a matter of physical facts necessarily had to originate in front of the middle of the three Croley buildings and its wheels had to have somewhat of a ramp underneath them immediately before and as said automobile passed over said curb," etc. Neither Rachel Jo Dean, Virginia Dean nor any one else testified that the Dean car traveled over any ramp of old lumber or any old material when the car made its violent surge over the curb and onto the sidewalk. Mrs. Virginia Dean however did testify that if the car bumped when it went over the curb it bumped very little. We think the undisputed evidence shows that the Dean car was parked in front of the Davis Store. There was of course disputed evidence as to whether there was lumber in front of the Davis Store, in fact this question was raised by the Deans' testimony and other evidence, but the great preponderance of the evidence in the record is to the effect that there was no lumber in front of the Davis Store placed there by Moody or any one under his direction, and we think the jury's finding to this effect is strongly supported by sufficient evidence. The undisputed evidence also shows that the car, whether parked at an angle or not, with no control and in sudden and violent motion ran over the curb in front of the Davis Store and upon the sidewalk, striking plain-

tiff in its course; and was so headed when it struck the Davis Store and part of the Theatre building, that the left front of the car struck the west side of the Davis Store breaking a plateglass window. We also think the physical facts show that without any lumber in the street, the car with no control, parked at an angle, whether thirty degrees as alleged or forty-five degrees, would in uncontrolled motion have first struck the curb with the right front wheel and would have then turned the direction of the movement to the right, thus accounting for the striking of the store building with the left side of the car. We sustain Moody's first point.

■ Moody's second point is that "the court erred in rendering judgment against Moody when under the pleadings and un-controverted evidence the act of Moody in leaving the lumber and other materials in the street (if he did) was as a matter of law not a proximate cause of plaintiff's injuries." Moody's tenth point is that "the court erred in submitting special issue No. 29 (whether the failure of Moody et al. to remove the lumber or cause the same to be removed was a proximate cause of plain-tiff's injuries) over objection to the effect that under the existing circumstances and conditions the injury to plaintiff was, as a matter of law, unforeseeable."

Appellant Moody in support of his posi-tion that the leaving of the lumber and ma-terials in the street (if he did) was as a matter of law not a proximate cause of plaintiff's injuries and that under the exist-ing circumstances and conditions the in-jury to plaintiff was, as to Moody, as a mat-ter of law, unforeseeable, cites many cases, among which are the following: Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; City of Dallas v. Maxwell, Tex.Com. App., 248 S.W. 667, 27 A.L.R. 927; East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613; Paris & G. N. Ry. Co. v. Stafford, Tex.Com.App., 53 S. W.2d 1019; Missouri-Kansas-Texas R. Co. v. McLain, 133 Tex. 484, 126 S.W.2d 474.

Appellees in rebuttal to Moody's position say that the hereinafter cited cases are con-trolling on the matter, to wit: Robert R. Walker, Inc., v. Burgdorf, 150 Tex. 603, 244 S.W.2d 506; Gulf, C. & S. F. Ry. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659; Missouri-Kansas-Texas R. Co. v. McLain, 133 Tex. 484, 126 S.W.2d 474; Bryant v. Banner Dairies, Inc., Tex.Civ.App., 255 S.W.2d 271; Texas Cities Gas Co. v. Dick-ens, Tex.Civ.App., 156 S.W.2d 1010.

Appellant Moody and the appellees each cite the case of Missouri-Kansas-Texas R. Co. v. McLain, supra, as sustaining their respective positions. We are inclined to be-lieve that the McLain case does furnish a key to determine whether the case at bar is more like the Maxwell case, and other cas-es cited by appellant Moody, or is more like the cases cited by appellees. In both the Maxwell and McLain cases the driver of the automobile lost control of his car. In the Maxwell case the driver lost control through no act of the City of Dallas but be-cause the automobile was defective in such a way that the driver could not control it and it was held that the city could not be held to have foreseen that the automobile would become so defective that it could not be controlled. In the McLain case, where the negligence charged was a blocking of a street by the railroad, the driver lost con-trol of his car because of the fact that he was compelled to attempt to stop it very suddenly in order to avoid colliding with the freight train left standing across and blocking the street along which he was traveling. In the case at bar the presence of the old lumber, etc., in the street (if any) did not have any connection with the Dean automobile getting out of control.

It is our view that the inert lumber in the street (if there was any where the automo-bile went over the curb) was a mere condi-tion upon which the active negligence of Rachel Jo Dean operated and that there really is no evidence that the lumber in the street (if any) in any sense caused the acci-dent. The Dean car was set in violent for-ward motion whether it struck lumber or whether as found by the jury there was no lumber there, and it struck the curb, and undisputedly the car turned to the right and we think it would be highly speculative to

say that the presence of the lumber (if any) had any effect on the result. We sustain appellant Moody's second and tenth points.

It is our opinion that the judgment against Moody should be reversed and judgment should be rendered in his favor. Having held that Moody is entitled to a take-nothing judgment in his favor we deem it unnecessary to discuss Moody's other points.

If the judgment against Moody cannot stand, then there is no basis for a judgment against the City of Gilmer. It is our opinion that the judgment against the City of Gilmer should be reversed and a take-nothing judgment should be rendered in favor of the City of Gilmer.

Appellants Dean urge that the trial court erred in disregarding the jury's answer to special issue No. 49 (where the jury found that the conduct of the Dean children was a new and independent cause of the accident) because said issue was supported by competent evidence and the answer thereto was in irreconcilable conflict with other findings of the jury. As to the Deans, we do not think this point has merit and we overrule same.

Appellants William Dean and wife Virginia Dean urge that the court erred in rendering judgment against them and say that as a matter of law neither of them owed any duty of care to the plaintiff. Appellants Dean also urge that the trial court erred in not specifically excluding the separate property of C. Everett Dean and the separate property of William Dean from the judgment.

The jury found that Mrs. Virginia Dean failed to prevent the Dean children from manipulating the automobile into sudden and violent forward motion, that this was negligence and a proximate cause of plaintiff's injuries. The jury also found that the automobile with its motor running and so exposed to the Dean children was a dangerous instrumentality. We think that the evidence clearly shows that Mrs. Virginia Dean was negligent in not restraining the Dean children from manipulating or sitting on the accelerator of the automobile as this was done while she was sitting on the front seat of the automobile. Of course, the mere fact of paternity does not make a parent liable for the torts of her or his minor child. However, a parent may be held liable for an act of his (or her) child if his (or her) conduct in the premises was to render him (or her) a principal tortfeasor, or in other words, if his (or her) own negligence was a proximate cause of the injury. Such negligence is shown, for example, where the parent entrusts a dangerous instrumentality, or carelessly fails to restrain a child whom he knows has dangerous tendencies. 39 Am.Jur., sec. 55, pp. 690, 691. A parent may be liable where he entrusts his child with an instrumentality which because of the youth or inexperience of the child may become a source of danger to others. Liability may even be predicated under some circumstances upon the act of the parent in merely leaving the dangerous instrumentality accessible to the child. And the mother as well as the father may be liable for permitting a child to have and use firearms, when, in the father's absence, she fails to exercise the authority devolving upon her. 39 Am.Jur., sec. 56, pp. 692, 693. It is also the affirmative duty of a parent to refrain from furnishing to his child an instrument which, because of its nature, use and purposes, is so dangerous as to constitute in the hands of a child, an unreasonable risk to others, and it is also the duty of the parent to take positive action to prevent the child from obtaining and using them. A Treatise on the Law of Torts, Bohlen & Harper, sec. 283, p. 622. Also see American Law Institute's Restatement of the Law of Torts, sec. 316, p. 858.

C. Everett Dean and William Dean were not present when the accident occurred; their wives Rachel Jo Dean and Virginia Dean were not on any mission whatsoever for them or either of them when the accident occurred; the jury did not make any findings of negligence against C. Everett Dean and William Dean. Article

4613, V.A.T.C.S., provides in part as follows: "The separate property of the husband shall not be subject to the debts contracted by the wife, either before or after marriage, except for necessaries furnished herself and children after her marriage with him, nor for torts of the wife." The case of Stamper v. Scholtz, Tex.Civ.App., 17 S.W.2d 184, holds that where the record fails to show any participation of the husband in negligence of the wife in driving an automobile resulting in injuries to plaintiff, that judgment for plaintiff should go no further than to hold the husband's interest in the community liable for damages under Rev.St.1925, art. 4613. Among other cases so holding are Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063, 1067; Jackson v. Dickey, Tex.Com.App., 281 S.W. 1043; Scott v. Brazile, Tex.Com.App., 292 S.W. 185.

It is our opinion that both Rachel Jo Dean and Virginia Dean were negligent as found by the jury and that the judgment of the trial court should be affirmed as to Rachel Jo Dean and husband C. Everett Dean and as to Virginia Dean and husband William Dean, with the modification however that the separate property of C. Everett Dean and the separate property of William Dean are excluded from the judgment and are not subject thereto.

We have carefully considered the other points raised by appellants Dean and deem them without merit, and overrule same.

The judgment of the trial court is affirmed as to Rachel Jo Dean, C. Everett Dean, Virginia Dean and William Dean, with the modification that the separate property of C. Everett Dean and the separate property of William Dean are excluded from the judgment and are not subject thereto. The judgment of the trial court as to George Henry Moody and the City of Gilmer is reversed and rendered in favor of Moody and the City of Gilmer.

Affirmed in part as modified, and reversed and rendered in part.