**Jewel Fay BELL et al., Appellants,**

**v.**

**W. W. FORE et al., Appellees.**

**No. 7817.**

Court of Civil Appeals of Texas.

Texarkana.

Sept. 12, 1967.

Rehearing Denied Oct. 10, 1967.

Harry Friedman, Harkness, Friedman & Kusin, Sidney Lee, Texarkana, for appellant.

Stephen Oden, Bun L. Hutchinson, Atchley, Russell, Hutchinson & Waldrop, Texarkana, Jack N. Price, Atkinson & Price, Longview, for appellee.

FANNING, Justice.

This is a suit for damages for the deaths of William Payton, Jr., and John Homer Bell, and for personal injuries received by Frank T. Bransford. A take nothing judgment was rendered by the trial court. The judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

Bill Purdy's store is located on the south side of U. S. Highway No. 67 and about five miles west of Texarkana in Bowie County, Texas. Defendant Addie Campbell, sometimes called Addie Campbell Sharp, stopped at this store about 6:00 p. m. of Saturday, November 14, 1964, to purchase some supplies. At this time, a light rain was falling. After defendant Campbell had completed her purchases, she drove her pickup truck back onto the roadway of the highway and was proceeding in a westerly direction toward her home when a motor vehicle, being driven by defendant Marshall and pulling a trailer containing a horse, struck her motor vehicle in the rear. The trailer containing the horse thereupon overturned and came to a stop on the roadway of the highway.

Shortly thereafter, while William Payton, Jr., appellant Estella Payton's husband, and others were attempting to remove the trailer and the horse in it from the roadway, another motor vehicle being driven by W. W. Fore westward along the highway struck the trailer, and thereby William Payton, Jr., and John Homer Bell sustained personal injuries of which both died, Payton on February, 26 1965, and Bell immediately. Also injured, but not fatally, were Bill Purdy and Frank T. Bransford, who, together with Bell and Payton were also trying to remove the trailer from the roadway and thereby to "prevent a serious accident".

Thereafter, appellant Jewel Fay Bell filed suit individually and as next friend for the minor children of herself and decedent John Homer Bell against W. W. Fore and Myrtle Fore, his wife, who was riding with Fore as a passenger in the Fore motor vehicle at the time of the collision, Thomas J. Marshall, Addie Campbell Sharp, and Ed Sharp, the husband of appellee Addie Campbell Sharp, to recover damages for the wrongful death of John Homer Bell. Appellant Frank T. Bransford intervened in the suit filed by appellant Jewel Fay Bell and sought recovery of damages from the same defendants for his personal injuries.

Appellant Estella Payton and five of her adult children, such children being joined by their husbands and wives, also filed suit against Woodrow W. Fore, Myrtle Fore, and Addie Campbell Sharp, Ed Sharp, and Thomas J. Marshall seeking to recover damages for the wrongful death of William Payton, Jr.

Thereafter all plaintiffs in both suits moved for and were granted non-suits against W. W. Fore and Myrtle Fore, but the Fores continued as parties in the two suits at the instance of the defendants who sought contribution from the Fores in the event recovery should be made against them.

Since the two suits involved common questions of law and fact, they were consolidated for the trial which was to a jury. The trial judge signed a judgment for the appellees upon the jury's verdict and in accordance with the appellees' prayers. Estella Payton, Jewel Fay Bell and other plaintiffs Bell and intervenor Frank Bransford have appealed.

The verdict of the jury found Mrs. Sharp guilty of certain acts of negligence proximately causing the first collision in question, absolved the defendant Marshall from any acts of negligence proximately causing the first collision in question, found the defendant W. W. Fore guilty of several acts of negligence proximately causing the second collision and the injuries to John Homer Bell, William Payton, Jr., and Frank T. Bransford, found that the way and manner in which W. W. Fore was driving his vehicle immediately before the second collision was a new, independent and intervening cause of such second collision, found that John Homer Bell, William Payton, Jr., and

Frank T. Bransford assumed the risk of a dangerous condition existing upon the roadway and knew and appreciated the nature and extent of the danger attendant to assisting in the removal of the trailer from the roadway and voluntarily exposed themselves to such danger immediately before the second collision, and found that at the time of the second collision John Homer Bell, William Payton, Jr., and Frank T. Bransford were attempting to rescue W. W. Fore and his vehicle from danger, and were attempting to rescue and remove from danger the participants in the first collision.

The trial court in its judgment, after reciting the various findings of the jury, stated in part as follows:

"The verdict was duly received by the Court as the verdict of the jury and the Court having considered the verdict, in which the jury found the Defendant Thomas Jerry Marshall free from any negligence causing the first collision in question in this suit, but found the Defendant Addie Campbell Sharp guilty of certain acts of negligence proximately causing the first collision in question, but there being no finding of any act of negligence on the part of the Defendant Addie Campbell Sharp proximately causing the second collision or the injuries or damages to the Plaintiffs Bell and Plaintiffs Payton, or Intervenor Bransford, and the jury further finding the deceased Bell and deceased Payton and Intervenor Bransford guilty of assumption of risk and voluntary exposure to a known and appreciated danger immediately prior to the second collision in question, and further finding several acts of negligence on the part of the Defendant W. W. Fore proximately causing the second collision in question and that the acts of negligence on the part of W. W. Fore were a new and intervening and independent cause of the second collision which caused the injuries and damages complained of by the Plaintiffs Bell and Plaintiffs Payton and Intervenor Bransford, and also find-

ing that immediately prior to the second collision the deceased Bell and deceased Payton and Intervenor Bransford were undertaking to rescue the Defendant W. W. Fore as well as the participants in the first collision, the Court is of the opinion that judgment should be rendered that all Plaintiffs take nothing; the Plaintiffs Bell, Payton and Intervenor Bransford should take nothing because the Court is of the opinion that the acts of negligence on the part of the Defendant Addie Campbell Sharp which contributed to cause the first collision in question were but passive acts and were not continuing active causes of the second collision in question, but the negligence of the Defendant W. W. Fore was the primary and active cause of the second collision in question, and if the Court be mistaken in this as a matter of law, then the jury has so found by its verdict and its answers to the special issues submitted; additionally, Plaintiffs Bell and Payton and the Intervenor Bransford should take nothing because the rescue doctrine does not apply as a matter of law, and the deceased Bell and deceased Payton and Intervenor Bransford voluntarily exposed themselves to the risks and danger which was known and appreciated prior to the second collision, but if the Court be mistaken and the rescue doctrine does apply, then by virtue of the specific findings of negligence on the part of those whom the deceased Bell and Payton and Intervenor Bransford were purportedly undertaking to rescue, said Plaintiffs Bell, Payton and Intervenor Bransford are barred from recovery by imputed negligence."

Appellant Estella Payton presents 79 points on appeal. Appellants Bell and appellant Bransford present 55 points on appeal. Having concluded that the trial court rendered a correct judgment we will write upon what we deem to be the controlling reasons why the judgment of the trial court should be affirmed.

## QUESTION OF LIABILITY OF ADDIE CAMPBELL SHARP

The trial court refused to submit requested issues of plaintiffs inquiring as to whether certain acts on the part of defendant Addie Campbell Sharp were negligence and proximate causes of the deaths of Bell and Payton and of the injuries received by Bransford. Appellants assign as error the failure of the trial court to submit such issues of negligence and proximate cause, contending that issues of fact were raised warranting the submission of such issues. Appellants also contend to the effect that the jury's finding to special issue No. 19 to the effect that the manner and way of W. W. Fore's driving was a new, independent and intervening cause of the second collision should not be allowed to stand because the undisputed evidence showed that the way and manner in which W. W. Fore was driving his motor vehicle was not a new, independent and intervening cause of the second collision, but, at most was only a concuring or cooperating cause thereof. Among the authorities cited by appellants on the concept of concurrent negligence are the following: Texas Power and Light Co. v. Holder, 385 S.W.2d 873 (Tex.Civ.App. 1964, Affirmed per curiam 393 S.W.2d 821); McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442 (1941); Reeves v. Tittle, 129 S.W.2d 364 (Tex.Civ.App. 1939, writ ref'd); Williams v. Rodocker, 84 S.W.2d 556 (Tex.Civ.App.1935, no writ); Torts Restatement, Vol. 2, p. 1184, § 439; Gulf, C. & S. F. Ry. Co. v. Ballew, 66 S.W.2d 659 (Comm.App.1933); Robert R. Walker, Inc. v. Burgdorf, 244 S.W.2d 506 (Sup.Ct.1951); Texas Public Service v. Armstrong, 37 S.W.2d 294 (Tex.Civ.App. 1931, writ ref'd); and Baker v. Corse, 120 S.W.2d 817 (Tex.Civ.App.1938, writ dism.).

It is the view of appellee Campbell that not only was the answer of the jury to special issue No. 19 warranted and required by the evidence, but that the trial court, although noting the jury's answer to issue 19, correctly held as a matter of law under the undisputed evidence that no negligent act of Addie Campbell Sharp was a proximate cause of the second collision and the deaths of the two men and injuries to the other man.

■ Proximate cause "embraces at least two distinct concepts, both of which must be present: (1) there must be a cause in fact,—a cause which produces an event and without which the events would not have occurred; and (2) foreseeability." Baumler v. Hazlewood, 162 Tex. 361, 347 S.W.2d 560 (1961).

There were two collisions. Mrs. Addie Campbell Sharp was involved in the first collision and after it she was no longer directly involved as a participant. At the time of the second collision her vehicle was clear of the roadway and was not causing an obstruction. The horse trailer attached to the rear of the Marshall vehicle was partially obstructing the lane of travel for west bound traffic. W. W. Fore at a high rate of speed, disregarding signals of warning, failing to keep a proper lookout and being negligent in various particulars, negligently caused the second collision resulting in the deaths of Payton and Bell and the injuries to Bransford. (As we view the record, Fore's negligence was almost to the point of being wanton).

The trial court by its judgment found, in effect, that the condition resulting as the aftermath of the first collision was not a concurrent cause, but simply a condition which made the second collision possible. This was tantamount to holding as a matter of law that the way and manner in which Fore operated his vehicle was a new, independent and intervening cause of the second collision, which is also in accord with the jury's finding to special issue 19. The trial court, while taking cognizance of the jury's finding to special issue 19, further concluded as a matter of law that none of the actions of Addie Campbell Sharp could be a proximate cause of the second collision under the undisputed evidence in the case.

■ Causal connection must be established beyond conjecture. Bowles v. Bourdon, Tex., 219 S.W.2d 779 (1949); Hopson v. Gulf Oil Corporation, 150 Tex. 1, 237 S.W.2d 352 (1951).

In this case, Mrs. Campbell would have been required to foresee, from her act of pulling onto the highway in front of Purdy's Store as the jury found, without keeping a proper lookout, that: (1) she would be struck from the rear by a vehicle pulling a trailer, (2) that the trailer would come unhitched from the other vehicle and obstruct the highway and be difficult to remove therefrom, (3) that persons would attempt to remove the trailer from the highway, and (4) that a driver of another vehicle (who may have been drinking), would negligently ignore a flagman's signal and drive directly into the trailer, injuring and killing those attempting to remove the trailer.

■ A prior or remote cause cannot be made the basis for an action for damages if it does nothing more than furnish the condition or give rise to the occasion which makes the injury possible, if such injury is the result of some other cause which reasonable minds would not have anticipated, even though the injury would not have occurred but for such condition. Phoenix Refining Co. v. Tipps, Comm.App., 125 Tex. 69, 81 S.W.2d 60 (1935); Baughn v. Platt, Comm.App., 123 Tex. 486, 72 S.W.2d 580 (1934).

In Baughn v. Platt, supra, the act of an ice company in tying ice on a running board of a customer's vehicle was held to be too remote to be the proximate cause of the injuries to a pedestrian when the block of ice came loose and struck him, though the ice company employee created the condition which resulted in the injury. Such condition simply made the injury possible and the manner in which the customer drove was the direct producing cause and thereby became an intervening cause as a matter of law.

In Bruce v. Denton County Electric Co-op., Inc., Texas Civ.App., 377 S.W.2d 722, wr. ref., n. r. e. (1964), it was held that the negligence of an electric company in having its lines too low was a prior or remote cause for which recovery could not be had where the building of a barn under the line and the act of a construction worker coming into contact with the line was not reasonably foreseeable.

In Watkins v. Davis, Tex.Civ.App., 308 S.W.2d 906, wr. ref., n. r. e. (1958), it was held that the failure to have a concrete curb in front of a drive-in store was not a proximate cause of damages resulting when a truck of a third party rolled into the store and injured a customer and the store was held not liable.

In Moody v. Clark, Tex.Civ.App., 266 S.W.2d 907, wr. ref., n. r. e. (1954), it was held that the negligence of a defendant in allowing debris, lumber, etc., to pile up on a sidewalk and in front of a store was not a concurring cause of damages resulting when an automobile, using the debris and lumber as a rampway, went over the curb into a store front, striking and injuring a pedestrian on the sidewalk in front of the store.

■■ It is our view that the negligence of Mrs. Addie Campbell Sharp in proximately causing the first collision was not a "cause in fact" of the second collision, and was not concurrent negligence in causing the second collision, but was merely a prior remote condition which made the second collision possible. It is our further view that the trial court correctly concluded as a matter of law that the manner in which W. W. Fore negligently drove his automobile in proximately causing the second collision was a "new, independent and intervening cause", which precluded any finding that the negligence of Mrs. Addie Campbell Sharp in causing the first collision was in any way a proximate cause of the second collision.

■ It is our further view there was no evidence of probative force to support a finding that Mrs. Addie Campbell Sharp could have foreseen that the injuries resulting from the second collision would result from her negligence in the first collision. In this connection see the following authorities: Texas & Pacific Railway Co. v. Bigham, 90 Tex. 223, 38 S.W. 162 (1896) ; City of Dallas v. Maxwell, Tex.Comm.App., 248 S.W. 667, 27 A.L.R. 927 (1923); Missouri-Kansas-Texas Ry. Co. of Texas v. McLain, 133 Tex. 484, 126 S.W.2d 474 (1939) ; Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962).

In Genell, Inc. v. Flynn, supra, it was held that it could not be reasonably foreseen that the negligence in maintaining an improper door adjustment would cause a young girl to accidentally thrust her arm through the glass portion of the door and injure herself.

In Texas & Pacific Ry. Co. v. Bigham, supra, it was stated: "[N]othing short of prophetic ken could have anticipated the happening of the combination of events which resulted in the injury of the person of the plaintiff".

■ We hold that the trial court correctly held as a matter of law that the negligence of Mrs. Addie Campbell Sharp in causing the first collision was not a proximate cause of the second collision and the injuries resulting therefrom.

## QUESTION OF LIABILITY OF MARSHALL

The jury failed to convict the defendant Marshall of any negligence proximately causing the accident in question. The jury further found that the negligence of the defendant Addie Campbell Sharp was the sole cause of the first collision. The jury further found that defendant Marshall was in an emergency and that he did all that an ordinary and prudent person would have done under the same or similar circumstances. The jury also found that the manner in which defendant W. W. Fore was driving his vehicle immediately before the second collision was a new, independent and intervening cause of the second collision.

■ We have carefully examined the entire record in the cause and find that such findings of the jury are supported by evidence of probative force, that the evidence to support such findings is amply sufficient, and that such findings are not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Appellants' points complaining of such findings are overruled.

The above findings absolve defendant-appellee Marshall of negligence proximately causing the accident sued upon and under such findings defendant-appellee Marshall was entitled to the judgment discharging him from liability.

Appellants' contentions to the effect that the trial court erred in refusing to submit certain requested special issues to the jury inquiring as to whether Marshall was guilty of negligence in various manners and whether each was a proximate cause of the second collision and resulting injuries therefrom have been considered and are overruled. We think the trial court fairly submitted the controlling issues raised by the pleadings and evidence and was not required to submit other and various phases and different shades of the issues submitted.

Furthermore, even if the jury had found Marshall guilty of negligence proximately causing the second collision and resulting deaths and injuries, it is our view that such findings would not warrant a judgment for any of the appellants under the undisputed evidence in this case, and that Marshall would have been entitled to judgment as a matter of law, because there would have been no evidence of probative force to support any finding of proximate cause under the authorities cited hereinbefore with respect to the question of liability of Addie Campbell Sharp.

We hold that the trial court correctly rendered a take nothing judgment in favor of defendant Marshall.

## CONCLUSION

We have carefully considered the numerous other points urged by appellants and are of the opinion that none of them present reversible error under the record in this cause.

Finding that the trial court entered a correct judgment under the record in this cause, the judgment of the trial court is affirmed.