Opinion filed July 26, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed July 26, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00073-CV

                                                    __________

 

                              TRAVIS NEWKUMET ET AL, Appellants

 

                                                             V.

 

                        TIM
ALLEN AND MELISSA ALLEN, Appellees

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo Pinto County, Texas

 

                                                Trial
Court Cause No. C-39767-2

 



 

                                                                   O
P I N I O N

 








This is an appeal from a take-nothing summary
judgment entered in favor of third-party defendants Tim Allen and Melissa
Allen.  Tim and Melissa and their minor
daughter, Risty Allen, were sued by third-party plaintiffs Travis Newkumet,
formerly a minor; Wayne and Linda Newkumet, individually and as next friends of
Travis Newkumet, formerly a minor; and Live Oak Springs Ranch, Ltd. (the
Newkumets).  The lawsuit stemmed from a
boating accident involving three minors: 
Risty, Travis, and Risty=s
passenger.  Tim and Melissa moved for
summary judgment on the basis that the summary judgment evidence did not
support the Newkumets=
claims against them for negligent supervision or negligent entrustment.  The trial court granted Tim and Melissa=s motion for summary judgment, rendered
a take-nothing judgment in their favor, and severed the claims against Tim and
Melissa from the remaining claims.[1]  The Newkumets appeal.  We affirm. 

                                                                         Issues

The Newkumets present four issues on appeal.  In the first two issues, they contend that
the trial court erred in granting summary judgment on the negligent supervision
claim because Tim and Melissa failed to identify a specific element of that
cause of action for which there was no evidence and, alternatively, because
there was some evidence to support the claim. 
In their final two issues, the Newkumets challenge the granting of
summary judgment on the negligent entrustment claim.  Specifically, they argue in the third issue
that the trial court erred Aby
concluding that legally sufficient evidence did not exist that Risty Allen was
an unlicensed, incompetent, or reckless driver.@
In the fourth issue, the Newkumets assert that there was a genuine issue of
fact regarding the negligent entrustment claim. 


                                                              Summary
Judgment

It appears that Tim and Melissa may have asserted
both traditional and no-evidence grounds in their motion for summary
judgment.  The parties address both in
their briefs, and the trial court did not specify whether it granted the
summary judgment based upon no-evidence or traditional grounds.  Because the trial court did not specify the
grounds it relied upon in granting the summary judgment, we will affirm the
summary judgment Aif any of
the theories advanced are meritorious.@  State Farm & Cas. Co. v. S.S. &
G.W., 858 S.W.2d 374, 380 (Tex. 1993); Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989).  








We will apply the well-recognized standards of
review for summary judgment.  We must
review a no‑evidence summary judgment under the same standard as a
directed verdict.  King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 750‑51 (Tex. 2003). 
Accordingly, we examine the record in the light most favorable to the
nonmovant and disregard all contrary evidence and inferences.  Id.; Wal‑Mart
Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002). 
A trial court must grant a proper no-evidence motion for summary
judgment unless the nonmovant produces more than a scintilla of probative
evidence to raise a genuine issue of material fact.  Tex.
R. Civ. P. 166a(i); Wal‑Mart, 92 S.W.3d at 506.  We may not consider any evidence presented by
the movant unless it creates a fact question. 
Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004). 


With respect to a traditional motion, a trial
court must grant a traditional motion for summary judgment if the moving party
establishes that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). 
In order for a defendant to be entitled to summary judgment, it must
either disprove an element of each cause of action or establish an affirmative
defense as a matter of law.  Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 
Once the movant establishes a right to summary judgment, the nonmovant
must come forward with evidence or law that precludes summary judgment.  City of Houston
v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678‑79
(Tex.
1979).  When reviewing a traditional
summary judgment, the appellate court considers all the evidence and takes as
true evidence favorable to the nonmovant. 
Am. Tobacco Co., 951 S.W.2d at 425; Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548‑49 (Tex.
1985).  The appellate court Amust consider whether reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
evidence presented@ and may
not ignore Aundisputed
evidence in the record that cannot be disregarded.@  Goodyear Tire & Rubber Co. v. Mayes,
No. 04-0993, 2007 WL 1713400, at *1-2 (Tex.
June 15, 2007).  

                                                                Parental
Liability








The mere fact of paternity or maternity does not
make a parent liable to third parties for the torts of his or her minor
child.  Rodriguez v. Spencer, 902
S.W.2d 37, 42 (Tex. App.CHouston
[1st Dist.] 1995, no writ); Aetna Ins. Co. v. Richardelle, 528 S.W.2d
280, 285 (Tex. Civ. App.CCorpus
Christi 1975, writ ref=d
n.r.e.); Moody v. Clark, 266 S.W.2d 907, 912 (Tex. Civ. App.CTexarkana 1954, writ ref=d n.r.e.).  As a general rule, minors are civilly liable
for their own torts.  Rodriguez,
902 S.W.2d at 42; Williams v. Lavender, 797 S.W.2d 410, 412 (Tex. App.CFort Worth 1990, writ denied); Brown
v. Dellinger, 355 S.W.2d 742, 746 (Tex. Civ. App.CTexarkana
1962, writ ref=d
n.r.e.).  A parent may, however, be
liable for his own negligence with respect to his child=s
tort, such as when the parent negligently allows his child to act in a manner
likely to harm another, when he entrusts the child with a dangerous
instrumentality, or when he fails to restrain a child known to have dangerous
tendencies.  Rodriguez, 902 S.W.2d
at 42.

A. 
Negligent Entrustment.

In this case, the Newkumets alleged that Tim and
Melissa were negligent by entrusting a powerful and dangerous jet boat to
Risty, a thirteen-year-old incompetent and reckless driver, when they knew or
should have known of her incompetence and recklessness.  The elements for negligent entrustment of an
automobile are as follows:  (1) the owner
entrusted a vehicle (2) to an unlicensed, incompetent, or reckless driver; (3)
the owner knew or should have known that the driver was unlicensed,
incompetent, or reckless; (4) the driver was negligent on the occasion in
question; and (5) the driver=s
negligence proximately caused the accident. 
Schneider v. Esperanza Transmission Co., 744 S.W.2d 595, 596 (Tex. 1987).  In their motion for summary judgment, Tim and
Melissa asserted that the Newkumets must come forward with evidence showing
that Tim and Melissa knew or should have known of Risty=s
alleged incompetence or recklessness.  We
understand this portion of Tim and Melissa=s
motion for summary judgment to be a challenge to the third element of negligent
entrustment (Tim and Melissa=s
knowledge of Risty=s incompetence);
we, therefore, disagree with the Newkumets=
contention on appeal that the second element of negligent entrustment (Risty=s incompetence) was the only one that
Tim and Melissa challenged in their motion for summary judgment.  In their motion, Tim and Melissa further
asserted that the evidence established that Risty had a boater education
certificate issued by the State of Texas and that the certificate constituted
prima facie evidence of Risty=s
competence to operate the boat.

In response to the motion for summary judgment,
the Newkumets brought forth summary judgment evidence indicating that Risty was
unsure about a basic navigational rule regarding yielding to another boat and
that, on one occasion, one passenger was a Alittle@ scared when Risty made a sharp
turn.  Thus, we agree that the summary
judgment evidence created an issue of fact regarding Risty=s competence, or lack thereof, to
operate a motorboat.  The Newkumets,
however, produced no summary judgment evidence indicating that Tim and Melissa
knew or should have known of Risty=s
incompetence or recklessness. 
Consequently, the element regarding Tim and Melissa=s knowledge is dispositive of the
negligent entrustment claim. 








With respect to Tim and Melissa=s knowledge of their daughter=s competence to operate a boat, the summary
judgment evidence, when viewed in the light most favorable to the Newkumets,
does not create an issue of fact.  The
summary judgment evidence shows that Risty had grown up around boats, that Tim
had taught her how to operate a boat, that Risty=s
boat B a SeaDoo
X-20 B was a
simple boat to operate, and that Tim and Melissa did not allow Risty to operate
the boat by herself until she had taken the required course and received a
Boater Education Certificate.[2]
According to Tim, Risty could maneuver, park, and back a boat as well as any
adult.

The Newkumets argue that, because Risty did not
have a motor vehicle driver=s
license, Risty was Aunlicensed.@ 
We disagree.  The Newkumets rely
on caselaw regarding the negligent entrustment of a motor vehicle to an
unlicensed driver.[3]  The State of Texas generally requires that a person
operating a motor vehicle on a public roadway have a valid driver=s license.  Tex.
Transp. Code Ann. '
521.021 (Vernon 2007).  Here the object
entrusted was a boat, rather than a motor vehicle.  The State of Texas does not require that a person
operating a motorboat possess a motor vehicle driver=s
license, and we decline to impose such a requirement in this case.  See Tex.
Parks & Wild. Code Ann. ''
31.106-.110 (Vernon 2002).  Pursuant to
Section 31.107, a thirteen-year-old may legally operate a motorboat after
successfully passing an approved, boating safety course.  The summary judgment evidence in this case
conclusively shows that, at the time of the accident, Risty had taken the
required boating course and possessed a boater education certificate as
mandated by our legislature.  








We find no summary judgment evidence indicating
that Tim and Melissa knew or should have known that Risty was an unlicensed,
incompetent, or reckless driver.  Tim and
Melissa  produced summary judgment
evidence establishing that they did not know and had no reason to know of Risty=s alleged incompetence or
recklessness.  The Newkumets failed to
come forward with a scintilla of evidence to create an issue of fact regarding
Tim and Melissa=s
knowledge.  Consequently, we hold that,
whether based upon no-evidence or traditional grounds, the trial court did not
err in granting summary judgment in favor of Tim and Melissa on the negligent
entrustment claim.  The third and fourth
issues are overruled.  

B. 
Negligent Supervision.

In addition to their claim for negligent
entrustment, the Newkumets asserted a claim for negligent supervision, alleging
in their petition that Tim and Melissa had a duty to supervise and control
Risty=s conduct
and that Tim and Melissa failed to properly supervise Risty when they permitted
her Ato act in
a manner which was likely to cause injury to another person.@ 
In their motion for summary judgment, Tim and Melissa asserted that
there was no evidence that they failed to properly supervise or control Risty
in the operation of the boat.  The
Newkumets responded first by challenging the procedural failure of Tim and
Melissa=s motion
to point out which element was being challenged on no-evidence grounds.  The Newkumets also responded substantively,
asserting that there was some evidence that Tim and Melissa failed to supervise
or control Risty in the following respects: 
(1) Tim and Melissa gave Risty a powerful jet boat, which in the hands
of a thirteen-year-old was a dangerous instrumentality, and (2) Tim and Melissa
could have reasonably anticipated the consequences of Risty=s actions.  

First, we hold that Tim and Melissa=s motion sufficiently pointed out which
element of negligent supervision was being challenged.  Tim and Melissa moved for summary judgment on
the ground that there was no evidence that they failed to properly supervise or
control Risty or, in other words, no evidence that Tim and Melissa breached any
duty that they may have had to supervise or control their daughter. 








Generally, there is no duty to control the conduct
of others.  Greater Houston Transp.
Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). 
This general rule does not apply when a special relationship exists B such as employer/employee or
parent/child B that
imposes a duty upon one person to control the other=s
conduct.  Id. 
A parent may be liable if the parent negligently allows his child to act
in a manner likely to harm another, if he gives his child a dangerous
instrumentality, or if he does not restrain a child known to have dangerous
tendencies.  Prather v. Brandt,
981 S.W.2d 801, 806-07 (Tex. App.CHouston
[1st Dist.] 1998, pet. denied); Rodriguez, 902 S.W.2d at 42.  A parent=s
duty to protect third parties from his child=s
acts depends on whether the injury to the third party is foreseeable.  Prather, 981 S.W.2d at 807; Rodriguez,
902 S.W.2d at 43.   Foreseeability is
evaluated by looking at the parent=s
knowledge of, consent to, or participation in the child=s
activity.  Prather, 981 S.W.2d at
807; Rodriguez, 902 S.W.2d at 43. 
A[B]efore
liability will be imposed, there must be sufficient evidence indicating that
the defendant knew or should have known that harm would eventually befall a
victim.  Absent such a showing, a
defendant is absolved of liability.@  Greater Houston Transp., 801 S.W.2d at
526 (where the supreme court held as a matter of law that employer had no duty
where the risk of harm was not foreseeable). 


We find the court=s
reasoning in Prather to be instructive in this case.  In Prather, a father gave his teenage
son a shotgun.  981 S.W.2d at 804.  The shotgun was used in a drive-by
shooting.  The complainant sued the
father alleging that he was negligent in failing to maintain control over the
shotgun B a
dangerous instrumentality, in entrusting the shotgun to his son, and in
supervising or controlling his son=s
conduct.  Id. 
The father moved for a directed verdict because there was no evidence
that he knew of, consented to, sanctioned, or participated in his son=s illegal activities and no evidence
that his son had a propensity for irresponsible behavior.  The trial court granted the father=s motion for directed verdict, and the
court of appeals affirmed.  Id.  In upholding the judgment, the court of
appeals relied on evidence of the father=s
knowledge of his son=s
behavior and his perception of his son as being responsible, respectful, and
well-behaved.  The father had taught his
son about the safe use of a shotgun, and the son had taken a professional gun
safety course.  Before the shooting in
this case, no problems had arisen from the son=s
use of the shotgun.  Id. at 805.  The father admitted that a loaded shotgun was
extremely dangerous and that giving a loaded shotgun to an untrained person
could be extremely dangerous.  Id. at 806.  Despite the evidence that a loaded shotgun
could be extremely dangerous, the court of appeals found that the complainant
did not produce any evidence raising a fact issue as to whether the father
should have foreseen the actions of his son or his son=s
friend.  The court upheld the directed
verdict, noting that the evidence showed that the acts were not foreseeable and
that the father was not negligent in supervising his son or the shotgun.  Id.
at 807. 








In this case, the Newkumets presented the
deposition testimony of Officer David Carlyle, a lake ranger, indicating that
in his opinion, although legally permissible, the operation of a boat like
Risty=s is Aa great responsibility@ for a thirteen-year-old even if the
child has received training and boater education.  Like Prather, we find that, despite
the lake ranger=s
testimony that the responsibility for operating a boat like Risty=s is too much for a thirteen-year-old,
there is no evidence that Tim and Melissa should have foreseen Risty=s conduct.  Officer Carlyle=s
deposition testimony does not constitute evidence of foreseeability from the
standpoint of Tim and Melissa.  We have
reviewed the entire record, and we can find no summary judgment evidence
indicating that Tim and Melissa knew or should have known that Risty did not
operate the boat in a safe manner or was a danger to others.  The only evidence regarding Tim and Melissa=s knowledge and perception of Risty was
that she was a responsible, well-behaved young lady who had been trained how to
operate a boat, had experience operating a boat, had taken the required boater
course, and had received her certificate to operate a boat.  Because the Newkumets presented no summary
judgment evidence indicating that Tim and Melissa should have foreseen Risty=s conduct, the trial court did not err
in granting Tim and Melissa=s
motion for a no-evidence summary judgment as to the Newkumets= claim for negligent supervision.  The first and second issues are
overruled.  

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.  

 

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

July 26, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and McCloud, S.J.[4]











[1]The remaining claims included those filed by the
Newkumets against Risty and those filed by Risty=s
passenger=s parents against the Newkumets. 





[2]Tex. Parks & Wild. Code
Ann. ' 31.107
(Vernon 2002) provides that a person under the age of sixteen may not operate a
motorboat unless (1) an adult is present or (2) the person is at least thirteen
years old and has passed an approved boating safety course. 





[3]See Mundy v. Pirie-Slaughter Motor Co., 206 S.W.2d 587, 589-91 (Tex.
1947) (which sets out the negligence standards for entrusting a motor vehicle
to an unlicensed driver); see also Williams v. Steves Indus., Inc., 699
S.W.2d 570 (Tex.
1985); McElroy v. Fitts, 876 S.W.2d 190 (Tex. App.CEl Paso 1994, writ dism=d by
agr.). 





[4]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.